UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF KYRA WARNER ) | |
| BY KIMBERLY NORTON, PERSONAL ) | |
| REPRESENTATIVE, ) | |
|                               ) | |
|        Plaintiff,             ) | NO. 1:19-cv-00774-RLY-MJD |
|                               ) | |
|        v.                     ) | |
|                               ) | |
| WELLPATH, f/k/a               ) | |
| CORRECT CARE SOLUTIONS, LLC,  ) | |
| MARION COUNTY SHERIFF,        ) | |
| KRISTI KAY CARPENTER,         ) | |
| PAMELA HANSEN,                ) | |
| THERESA LYNN WISCHMEYER,      ) | |
| TROY LOVE, DEVON CLARK        ) | |
| ANTHONY BELL,                 ) | |
| THOMAS JADRICH, and           ) | |
| JUSTIN SCHAADT,               ) | |
|        Defendants.            ) | |
|                               ) | |

**PLAINTIFF'S VERIFIED NOTICE OF PROTECTIVE ORDER VIOLATION**

Plaintiff's counsel Richard A. Waples, notifies the Court of a violation of the protective order (Dkt. 35, filed 04/30/2019) by plaintiff's undersigned counsel. Plaintiff's counsel states:

1. Plaintiff's undersigned counsel Richard A. Waples was interviewed months ago by reporters for the Reuter's news agency regarding the issue of correctional health care, and specifically about lawsuits in which he has represented prisoners who had suffered significant injuries or death while in custody.

2. During that interview Plaintiff's counsel discussed two recent cases in which he represented women who had suffered drug overdoses while in jail, not received timely or

appropriate health care, and died as a result.

3. One of those case was this case, and the other case was *The Estate of Rachelle Stewart v. Correct Care Solutions*, No. 1:18-cv-00163-TWP-TAB. Both cases arose in Marion County, and both were filed in this Court.

4. Plaintiff's counsel was asked if video evidence existed of the events of the two cases, and whether Reuters could have copies of any such video for their story. Plaintiff's undersigned counsel provided jail video from both cases to Reuters.

5. At the time Plaintiff's counsel provided the video I did not consider or remember that the jail video in this case was designated as confidential in the protective order in this case. Dkt. 35. The video in the *Stewart* case was not covered by any protective order.

6. Recently Reuters contacted Plaintiff's undersigned counsel about their story and asked if any other video existed.

7. It was at this time that Plaintiff's counsel first realized that the videos he had previously provided could be covered by protective orders. I then checked protective orders in both cases and realized that the jail video in the *Stewart* case was not covered by any protective order, but that the jail video in this case was covered by the order at Dkt. 35.

8. Plaintiff's undersigned counsel then contacted Reuters, advised its reporters of the protective order, provided them a copy of the order, and requested that the Warner video previously provided be returned. Reuters responded that it would not return the video.

9. Plaintiff's undersigned counsel takes complete and sole responsibility for the breach of the protective order and apologizes to the Court and opposing counsel for this breach.

10. Given the important public interest issue of correctional health care and the weighty first amendment rights enjoyed by the independent press, it is unlikely that any efforts to

enjoin Reuters from publishing the video and order its return would be warranted or successful. See generally *New York Times v. United States,* 403 U.S. 713 (1971) (government not entitled to enjoin news organizations from publishing surreptitiously obtained secret government study on Vietnam War).

11. Plaintiff's undersigned counsel is embarrassed and chagrined that he failed to initially remember the issue of the protective order in this case and stands ready to accept whatever sanction the Court deems appropriate.

I affirm under the penalties for perjury that the above statements are true.

Dated: October 16, 2020

/s/ Richard A. Waples
Richard A. Waples
Attorney for Plaintiff

Respectfully submitted,

Dated: October 16, 2020

/s/ Richard A. Waples
Richard A. Waples
Attorney for Plaintiff

Richard A. Waples
**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 16, 2020, a copy of this document was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Carol A. Dillon
Christopher Andrew Farrington
BLEEKE DILLON CRANDALL, P.C.
8470 Allison Pointe Boulevard, Suite 420
Indianapolis, IN 46250-4365
carol@bleekedilloncrandall.com
drew@bleekedilloncrandall.com

Tara L. Gerber
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 E. Washington Street, Room 1601
Indianapolis, IN 46204
tara.gerber@indy.gov

Anthony W. Overholt
Alexander P. Will
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
aoverholt@fbtlaw.com
awill@fbtlaw.com

Raeanna C. Spahn
**ESKEW LAW, LLC**
333 N. Alabama Street, Suite 350
Indianapolis, Indiana 46204
TEL: (317) 974-0177
FAX: (317) 974-0179
E-MAIL: raeanna@eskewlaw.com

                */s/ Richard A. Waples*
                Richard A. Waples
                Attorney for Plaintiff

Richard A. Waples
**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com