**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| THE ESTATE OF KYRA WARNER BY KIMBERLY NORTON, PERSONAL REPRESENTATIVE<br><br>Plaintiff,<br><br>v.<br><br>WELLPATH, f/k/a CORRECT CARE SOLUTIONS, LLC, MARION COUNTY SHERIFF, KRISTI KAY CARPENTER, PAMELA HANSEN, THERESA LYNN WISCHMEYER, TROY LOVE, DEVON CLARK, ANTHONY BELL, THOMAS JADRICH, and JUSTIN SCHAADT,<br><br>Defendants. | ) | NO. 1:19-CV-774-RLY-MJD |

**DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S PROPOSED VOIR DIRE**

All Defendants, by counsel, now file their joint objection to the Plaintiff's proposed voir dire. In particular, the parties object to Plaintiff's proposed voir dire question 1(a) to the extent that this question implies the existence of other deaths in the Marion County Jail or otherwise refers to local or national news stories discussing the same.

A district court has broad discretion in determining how best to conduct the voir dire. *United States v. Torres*, 191 F.3d 799, 808 (7th Cir. 1999). The voir dire provides the court with an opportunity to select impartial jurors and counsel with assistance in exercising peremptory challenges. *United States v. Torres*, 191 F.3d 799, 809 (7th Cir. 1999).

Here, Plaintiff's proposed voir dire includes a direct reference that implies other deaths in the Marion County Jail and media coverage regarding the same:

> Question 1(a): "The issue of the death of inmates in the Marion County Jail and Processing Center has been covered by the local news outlets. Do any of you recall these stories?"

The above reference expressly states that the "issue of death of inmates in the Marion County Jail" has been covered by news outlets—expressly invoking reference of other deaths in the Jail without regard to whether those deaths are relevant or otherwise admissible. It also implies there is a pattern or practice of death without evidence and that every death is the Sheriff's responsibility.

While voir dire into media coverage of Kyra Warner's death and the Marion County Jail generally is appropriate, these questions are not warranted and would prejudice Defendants in this case. Moreover, the Court can just as adequately inquire into impartiality and media exposure without expressly mentioning the "issue of the death of inmates" in "local news outlets." For the foregoing reasons, Defendants object to Plaintiff's proposed voir dire question 1(a).

FROST BROWN TODD LLC

By: */s/Alexander P. Will*
Anthony W. Overholt, #16481-49
Alexander P. Will, #23474-49
*Attorneys for Defendants Marion County Sheriff*

By: */s/Christopher Andrew Farrington*
Carol A. Dillon, #25549-49
Christopher Andrew Farrington, #34006-49
*Attorneys for Defendants Wellpath, LLC (f/k/a Correct Care Solutions, LLC), Kristi Carpenter, RN, Pamela Hansen, RN, and Theresa Wischmeyer, RN.*

LR10348.0975408 4856-5667-7686v2