**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| THE ESTATE OF KYRA WARNER BY KIMBERLY NORTON, PERSONAL REPRESENTATIVE<br><br>Plaintiff,<br><br>v.<br><br>WELLPATH, f/k/a CORRECT CARE SOLUTIONS, LLC, MARION COUNTY SHERIFF, KRISTI KAY CARPENTER, PAMELA HANSEN, and THERESA LYNN WISCHMEYER,<br><br>Defendants. | ) | NO. 1:19-CV-774-RLY-MJD |

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A JURY VIEW**

All Defendants, by counsel, now file this Joint Response in Opposition to Plaintiff's Motion for a Jury View. In support of this response, Defendants state:

1. Plaintiff filed a Motion for a Jury View requesting this Court allow the jury to see the now-closed Marion County Receiving Facility (hereinafter "Intake"). (ECF No. 205.)

2. Defendants oppose Plaintiff's Motion because granting the request would result in the jury reviewing cumulative evidence of little relevance, would prejudice the MCSO, and would cause unnecessary delay in the trial.

3. It is within the discretion of the trial court whether to permit the jury to view the premises subject to the litigation. *American Nat'l Bank & Trust Co. v. Aetna Ins. Co.*, 447 F.2d 680, 686 (7th Cir. 1971).

4. Plaintiff's motion should be denied for three reasons. First, a jury view will not assist the jury in any material way as most of Kyra Warner's time in the Intake area is already on video, and

the jury will be able to review that video. In fact, Plaintiff plans to show the video of Kyra Warner that will show all the key Intake areas. (ECF No. 205.) *See Sam's Wines & Liquors, Inc. v. Wal-Mart Stores, Inc.*, No. 92 C 5170, 1994 WL 529331, at *13 (N.D. Ill. Sept. 27, 1994)(holding that any advantage for the jury viewing the premises can be obtained by the use of video or other demonstrative evidence.)

5. A jury view also adds little to this case because the conditions of the Intake area are not relevant to Plaintiff's claims. This is a case about medical care and not jail conditions. Thus, viewing the Intake area would do little to assist the jury—particularly since the jury will already see the Intake area through the video evidence that will be presented.

6. Second, Defendants would be prejudiced by allowing a jury view. This Court can take judicial notice of the fact the old Marion County Jail—and its Intake area—is no longer in operation and has been out of use for several months as inmates were transferred to the new facility in January 2022. (See Sheriff's office transferring inmates to new Criminal Justice Campus (wrtv.com).) Because it is not in use and has been closed for months, it has not been regularly cleaned and maintained. Therefore, it would almost certainly be in a deteriorated condition as compared to the time when Kyra Warner was there four years ago. Moreover, the jury would see a facility with no inmates or staff which is not the condition it was in at the time of Warner's death. Allowing the jury to see the Intake area in those altered conditions would prejudice Defendants as the jury view would not be an accurate representation of Intake in July 2018.

7. Finally, a jury view will almost assuredly cause the trial to take more than the five days currently allotted. Already, this trial will have extensive expert testimony from several experts and many witnesses. Taking a half a day or more for a jury view will simply create an unnecessary delay and most likely push the trial into a second week.

WHEREFORE, Defendants ask this Court to Deny Plaintiff's Motion for a Jury View because it would prejudice Defendants, it would not be materially helpful to this case, and it would delay the jury trial set for November 14, 2022.

FROST BROWN TODD LLC

By: */s/ Alexander P. Will*
Anthony W. Overholt, #16481-49
Alexander P. Will, #23474-49
*Attorneys for Defendants Marion County Sheriff*

By: */s/ Carol A. Dillon*
Carol A. Dillon, #25549-49
Christopher Andrew Farrington, #34006-49
*Attorneys for Defendants Wellpath, LLC (f/k/a Correct Care Solutions, LLC), Kristi Carpenter, RN, Pamela Hansen, RN, and Theresa Wischmeyer, RN.*

LR10348.0975408 4863-0415-0070v7